THE FAJARDO SUGAR GROWERS' ASSOCIATION, demandante y apelada, *v.* RAMÓN PÉREZ VILLAMIL ROMANO, JOSÉ PÉREZ VILLAMIL ROMANO, representado y asistido éste por su tutora MARÍA LUISA ROSARIO, y CARLOS J. TORRES, demandados y apelante el segundo.

No. 7043.—*Sometido:* Mayo 20, 1935. *Resuelto:* Junio 21, 1935.

*Juan B. Soto* y *Juan F. Soto,* abogados del apelante; *Jaime Sifre, Jr.,* y *Horacio Franceschi,* abogados de la apelada; *Carlos J. Torres,* por su propio derecho y *Joaquín Vendrell,* abogados del demandado Ramón Pérez Villamil Romano.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En abril 9 de 1928 Josefa Romano Cestari cedió en arrendamiento dos fincas a la Fajardo Sugar Growers' Associa-

tion, demandante en el recurso de *interpleader* presentado ante la Corte de Distrito de San Juan. El arrendamiento se extendía hasta el 1º. de julio de 1943. Por la finca "Cupey" se pagaría una renta anual de $932.10 y $6,017.53 por la finca "Venecia", en plazos mensuales. La finca "Venecia" fué vendida a José Pérez Villamil el 23 de junio de 1928 y el 27 del mismo mes la finca "Cupey" fué vendida a Ramón Pérez Villamil. El 8 de agosto de 1928 los referidos José y Ramón notificaron a la demandante que el 65 por ciento del total de las rentas adeudadas sobre ambas propiedades debía ser pagado a José y el 35 por ciento a Ramón.

En noviembre 18 de 1929, José Pérez Villamil, dueño de la finca "Venecia", notificó a la demandante que dicha finca había sido vendida al aludido Ramón y que los cánones de arrendamiento debían, en su consecuencia, ser remitidos directamente a este último. A partir de esta fecha, y durante algún tiempo, la demandante pagó todas las rentas a Ramón, dueño para aquella época de ambas fincas. Sin embargo, según la demanda, entonces los dos Pérez Villamil continuaron dividiéndose las rentas en la proporción del 65 y 35 por ciento.

El 2 de mayo de 1930, José Pérez Villamil se convirtió nuevamente en dueño de la finca "Venecia" y notificó a la demandante que debía pagarle las rentas de la misma. Empero, y de la demanda no se desprende por qué, la arrendataria continuó pagando el 65 por ciento del total de los cánones a José y el 35 por ciento a Ramón. El 31 de marzo de 1933, Ramón Pérez Villamil notificó a la arrendataria del traspaso de las rentas de ambas propiedades, o de parte de las mismas, a Carlos J. Torres. Si entendemos las alegaciones de la demanda, irrespectivamente de los convenios existentes entre José y Ramón, no se demostró que este último, al efectuarse el supuesto traspaso, tuviera interés alguno en la finca "Venecia". De la demanda no se desprende en absoluto que la demandante tuviera entonces órdenes de dividir las rentas en proporción del 65 por ciento a José y

el 35 por ciento a Ramón. La demanda procede a demostrar una especie de conflicto.

En mayo de 1934, María Luisa Rosario, como tutora de José, notificó a la compañía demandante que debía pagarle las rentas de la finca "Venecia" a ella, mientras que Carlos J. Torres, como cesionario de Ramón Pérez Villamil, notificó a la compañía que debía continuar pagando las rentas de ambas propiedades en la proporción del 65 por ciento a José y el 35 por ciento a Ramón. Las rentas anuales sobre ambas propiedades, según la demanda, ascendían a $6,949.60. El 35 por ciento de esa suma excedería de $2,432, mientras que todas las rentas de la finca "Cupey", que claramente pertenecía a Ramón, ascenderían solamente a $932.10. La diferencia entre estas dos cantidades es $1,500 y tanto los Pérez como sus sucesores o cesionarios, reclaman esa cantidad de la demandante. En su consecuencia, la demandante depositó $125 o más en la corte inferior para cubrir esta renta anual de $1,500 y convino en pagar en lo sucesivo una cantidad similar. La demandante alegó que le era imposible zanjar las diferencias existentes entre los dos Pérez Villamil y solicitó de la corte que ordenara a los demandados en el recurso de *interpleader* que litigaran entre sí.

Ramón Pérez Villamil y Carlos J. Torres contestaron admitiendo un gran número de las alegaciones de la demanda, pero negando que la demandante ignorara las personas a quienes debían pagarse las rentas y alegando que la demandante tenía pleno conocimiento de la forma en que dichas rentas debían ser divididas. Sostenían especialmente que a la finca "Venecia" objeto del arrendamiento se le había dado un valor demasiado alto y que la Fajardo Sugar Growers' Association no estaba dispuesta a pagar más de $10 por cuerda por la referida finca, y que Ramón Pérez Villamil no estaba dispuesto a aceptar menos de $10 por cuerda por la finca "Cupey". En efecto, así se alegaba en la defensa especial, que los dos hermanos, José y Ramón, habían convenido en que la Fajardo Sugar Growers' Association debía

pagar el 65 por ciento a José y el 35 por ciento a Ramón; que José Pérez Villamil y Ramón Pérez Villamil, en 8 de agosto de 1928, escribieron una carta a la Fajardo Sugar Growers' Association notificándole de la existencia de tal convenio y que, según se alegaba en la contestación, debía pagar durante la vigencia del arrendamiento el 65 por ciento a José y el 35 por ciento a Ramón. Se trata de demostrar que tanto la tutora como la compañía tenían conocimiento de este convenio existente entre los dos hermanos.

La contestación presentada por Ramón alegaba que José Pérez Villamil hizo el traspaso a Ramón para evadir las reclamaciones de los acreedores y que el nuevo traspaso hecho a Ramón tuvo lugar cuando ya había desaparecido el peligro de tales reclamaciones. La contestación de María Luisa Rosario negaba este convenio especial.

Entre otras cosas, esta última contestación sostiene que el contrato de arrendamiento fué celebrado por Josefa Romano Cestari y que las condiciones relativas a las rentas fueron expresadas en el aludido contrato de arrendamiento, diciendo pues, o tratando de decir por implicación, que un valor semejante por cuerda no fué objeto de convenio alguno entre los dos hermanos, sino que en el contrato original se expresó el valor de cada finca.

La tutora también alegó que José padecía de una grave enfermedad nerviosa cuando tuvieron lugar algunos de los hechos anteriormente narrados y que posteriormente se volvió loco. La inferencia que ella deseaba la corte hiciera era que José fué inducido por Ramón a hacer algunas de las cosas por él realizadas, pero que éste en realidad nunca se desprendió de su derecho a percibir el total de las rentas de la finca "Venecia", conforme se expresa en el contrato original de arrendamiento de la señora Romano Cestari.

De las alegaciones surgían otros hechos. La Corte de Distrito de San Juan declaró con lugar la petición hecha en la demanda original y ordenó a las partes que litigaran entre sí.

De la faz de la demanda se nos hace algo dudoso si desde el punto de vista de la Fajardo Sugar Growers' Association ésta no habría estado justificada en pagar a la tutora los cánones de arrendamiento expresados en el contrato, correspondientes a la finca "Venecia". Es cierto que en una ocasión se notificó a la compañía que dividiera las rentas en la proporción del 65 y 35 por ciento, pero más tarde ambas fincas figuraban a nombre de Ramón y la compañía pagaba a éste el importe total del arrendamiento. Luego la finca "Venecia" fué traspasada nuevamente a José y se desprendería, hasta cierto punto por lo menos, que la Fajardo Sugar Growers' Association podía exonerarse de responsabilidad pagando las sumas mencionadas en el contrato original de arrendamiento celebrado por la señora Romano Cestari. En otras palabras, si el aviso original para que se hiciera la división en 65 y 35 por ciento, de ser realmente obligatorio, no fué rescindido por las actuaciones de los dos hermanos al hacer el traspaso de la finca "Venecia".

Empero, no nos sentimos en posición de decir que no existe en absoluto mérito alguno en la reclamación, en derecho o equidad, de Ramón Pérez Villamil y Carlos J. Torres. Éstos alegaron en su contestación algunos hechos, que, de ser ciertos, someterían a la demandante a reclamaciones opuestas. Se desprendería que si las aludidas contestaciones de Ramón y su cesionario eran ciertas, éstos eran partes interesadas en la reclamación de $1,500 ya mencionada.

Tenemos ante nuestra consideración una moción para desestimar el recurso por falta de partes necesarias y porque la apelación es frívola. No estamos del todo convencidos de que la apelación sería frívola, pero nos sentimos obligados a resolver que Ramón Pérez Villamil y Carlos J. Torres eran partes contrarias interesadas y tenían derecho a ser notificados del recurso. Ellos estaban plenamente interesados en que el litigio prosiguiera, tal cual lo había ordenado la Corte de Distrito de San Juan.

Conforme hemos indicado, tenemos algunas dudas en

favor de la tutora, mas, independientemente de la desestima-
ción técnica aquí solicitada, creemos que el interés de todos
sería fomentado litigando en la Corte de Distrito de San
Juan, según lo solicitó la Fajardo Sugar Growers' Associa-
tion y resolvió la corte.

*Debe desestimarse el recurso.*

El Juez Asociado Sr. Córdova Dávila no intervino.